## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RACHAEL MAHER, JASMIN AMARO, MARINA GOMEZ, REBECCA TORRES, GLORIA URIBE, CAROLYN GILL, MARY JO BARNES, BRITTANY BONDS, TERESA FAUGHNAN, LUZ VARGAS, EBONY ODOMMORRIS, JENNIFER MALTESE and LISA BRADY, individually and on behalf of others similarly situated, | : : : : : : : : | Civil Action No. 2:20-cv-00152-JXN-JBC Honorable Julien Xavier Neals Honorable James B. Clark, III |
| Plaintiffs, | : : | |
| v. | : : | |
| AMAG PHARMACEUTICALS, INC., | : : | |
| Defendant. | : : | |
| MOLLY O'HARA and BRANDY SILAS, on behalf of themselves and all others similarly situated, | : : | Civil Action No. 2:23-cv-21743-MCA-MAH Honorable Madeline Cox Arleo Honorable Michael A. Hammer |
| Plaintiffs, | : : : | |
| v. | : : | |
| AMAG PHARMACEUTICALS, INC., | : : | |
| Defendant. | : : | |

**BRIEF IN SUPPORT OF DEFENDANT AMAG PHARMACEUTICALS, INC.'S MOTION TO CONSOLIDATE MOLLY O'HARA AND BRANDY SILAS v. AMAG PHARMACEUTICALS INC. NO. 23-21743 WITH MAHER, ET AL. v. AMAG PHARMACEUTICALS INC. NO. 20-152 AND STAY DEADLINES**

*Of Counsel and On the Brief*
Lauren S. Colton (admitted *pro hac vice*)
Marc A. Marinaccio, Esq. (admitted *pro hac vice*)

*On the Brief*
David R. Kott, Esq.

**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 639-2056

**HOGAN LOVELLS US LLP**
100 International Drive, Suite 2000
Baltimore, MD 21202

Attorneys for Defendant
*AMAG PHARMACEUTICALS, INC.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RACHAEL MAHER, JASMIN AMARO, MARINA GOMEZ, REBECCA TORRES, GLORIA URIBE, CAROLYN GILL, MARY JO BARNES, BRITTANY BONDS, TERESA FAUGHNAN, LUZ VARGAS, EBONY ODOMMORRIS, JENNIFER MALTESE and LISA BRADY, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAG PHARMACEUTICALS, INC.,<br><br>Defendant. | Civil Action No.:<br>2:20-cv-00152-JXN-JBC |

## BRIEF IN SUPPORT OF
## MOTION TO CONSOLIDATE AND STAY DEADLINES

Defendant AMAG Pharmaceuticals, Inc. ("AMAG") respectfully submits this memorandum of law in support of its Motion to Consolidate *O'Hara v. AMAG Pharmaceuticals, Inc.*, No. 23-cv-21743 (D.N.J.) ("*O'Hara*") with the above-captioned action for all pretrial purposes pursuant to Fed. R. Civ. P. 42, and to stay all deadlines in *O'Hara* until 30 days after resolution of AMAG's pending motion to dismiss Plaintiffs' claims in this case.

## TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ........................................................................................1

II.     BACKGROUND ..........................................................................................................2

III.    LEGAL ARGUMENT....................................................................................................5

        A.      Consolidation Is Appropriate Under Fed. R. Civ. P. 42(a)......................................5

        B.      A Stay of Deadlines in O'Hara Will Conserve Party and Judicial
                Resources. ..................................................................................................9

IV.     CONCLUSION............................................................................................................10

i

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am., AFL-CIO,*
  544 F.2d 1207 (3d Cir. 1976)..................................................................................9

*Borough of Edgewater v. Waterside Constr., LLC,*
  No. CV 14-5060 (JMV), 2017 WL 1758062 (D.N.J. May 3, 2017) (Vazquez,
  J.)....................................................................................................................5, 8

*Bucks Cty. Employees Ret. Fund v. Newell Brands, Inc.,*
  No. CV1810878JMVJBC, 2018 WL 4629571 (D.N.J. Sept. 27, 2018)
  (Vazquez, J.) .........................................................................................................6

*City of Warren Gen. Employees' Ret. Sys. v. Celgene Corp.,*
  No. CV184772JMVJBC, 2018 WL 4629570 (D.N.J. Sept. 26, 2018)
  (Vazquez, J.) .........................................................................................................6

*Durso v. Samsung Elecs. Am., Inc.,*
  No. 2:12-CV-5352 DMC JAD, 2013 WL 3864006 (D.N.J. July 24, 2013),
  *aff'd*, No. 2:12-CV-05352 WJM, 2014 WL 1232332 (D.N.J. Mar. 24, 2014) ..........8

*Landis v. N. Am. Co.,*
  299 U.S. 248 (1936)...............................................................................................9

*Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.,*
  149 F.R.D. 65 (D.N.J. 1993)...................................................................................5

*In re Riddell Concussion Reduction Litig.,*
  77 F. Supp. 3d 422 (D.N.J. 2015) ..........................................................................8

*Ripley v. Eon Labs, Inc.,*
  No. CV 07-0912 JHR-AMD, 2008 WL 11509861 at *1 (D.N.J. Apr. 7, 2008)........9

*Silas v. AMAG Pharmaceuticals, Inc.,*
  No. 2284CV02931 ................................................................................................4

*Smithkline Beecham*
  *Corp.*, No. 00-1393, 2001 WL 1249694 (E.D. Pa. Sept. 26, 2001)..........................8

*Thomas v. Gerber Prod. Co.,*
  No. CIV.A. 12-1098 JLL, 2012 WL 1606627 (D.N.J. May 8, 2012)........................8

*In re TMI Litig.*,
   193 F.3d 613 (3d Cir. 1999)..................................................................................5, 8

*Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*,
   775 F. Supp. 759 (D. Del. 1991).................................................................................5

**Statutes**

Racketeer Influenced and Corrupt Organizations Act ("RICO") ...........................1, 4, 7

**Other Authorities**

Consolidation Order (Mar. 19, 2020) (ECF No. 9)........................................................1

Fed. R. Civ. P. 42(a) ...................................................................................................1, 5, 6

Federal Rules of Civil Rules 9(b) and 8(a) ................................................................4, 7

## I.     PRELIMINARY STATEMENT

This case is a consolidated putative consumer class action challenging AMAG's

marketing statements related to the efficacy of the prescription drug Makena.  Plaintiffs assert

claims on behalf of six separate putative classes of consumers from six different states under six

different state consumer protection laws and the federal Racketeer Influenced and Corrupt

Organizations Act ("RICO").  The underlying cases were either filed in or transferred to this

District over three years ago and consolidated herein.  In the corresponding Consolidation Order,

this Court ordered:

> **"IT IS FURTHER ORDERED** that, upon notice to the Court by
> counsel herein, any future cases filed in or transferred to the District of
> New Jersey alleging the same or similar claims against the Defendant
> shall be consolidated into the above-captioned action;…."

Consolidation Order (Mar. 19, 2020) (ECF No. 9).

On December 27, 2022, Molly O'Hara and Brandy Silas filed a seventh consumer class

action in Massachusetts State Court asserting nearly identical RICO and consumer protection

claims against AMAG challenging the same marketing statements related to Makena's efficacy,

this time on behalf of a putative class of Massachusetts consumers.  The case was removed to

federal court and, on October 27, 2023, the United States District Court for the District of

Massachusetts granted AMAG's motion to transfer the case to this District so it could be

consolidated with this case for all pre-trial purposes, in accordance with this Court's

Consolidation Order.

All of the criteria for consolidation are present.  *O'Hara* shares common questions of fact

and law with the six cases that have already been consolidated herein.  *See* Fed. R. Civ. P. 42(a).

Consolidation also will serve judicial efficiency and reduce unnecessary costs, as several of the

arguments raised in AMAG's pending motion to dismiss filed in this case would be equally

dispositive of the claims asserted in *O'Hara* and, if the claims are not dismissed, discovery in all

seven cases will involve many of the same documents and witnesses. Counsel for Ms. O'Hara

and Ms. Silas have indicated that they consent to the consolidation, as have counsel for the

Plaintiffs in this case. Courts in this District and elsewhere regularly grant requests to

consolidate cases like these, particularly where, as here, all parties consent to consolidation. The

Court should do the same.

Once the cases are consolidated, the Court also should stay all deadlines in *O'Hara*,

including AMAG's deadline to respond to the Complaint, until 30 days after the Court rules on

AMAG's pending motion to dismiss in this case, to prevent duplication of effort and preserve

judicial resources. Counsel for Ms. O'Hara and Ms. Silas have consented to the stay.

## II.     BACKGROUND

In October 2019, consumers throughout the country began filing class action lawsuits

challenging AMAG's marketing statements related to the efficacy of the FDA-approved

prescription drug Makena. (*See* ECF No. 8). In February 2020, AMAG and the plaintiffs in

each of those Makena actions jointly moved to transfer them to the District of New Jersey and

consolidate them with a nearly identical lawsuit pending here. (*Id.*; *see also* ECF No. 10). Each

transferor court granted the parties' motions and, by orders dated March 19 and 27, 2020, this

Court consolidated the cases. (ECF Nos. 9, 11). The Court also ordered that any future cases

transferred to this District "alleging the same or similar claims" against shall be consolidated

herein. (ECF No. 9).

On April 2, 2020, Plaintiffs filed a consolidated class action complaint on behalf of all

plaintiffs. (ECF No. 15). The complaint asserts claims for violation of various state consumer

protection laws – New Jersey, California, Kansas, Missouri, New York, and Wisconsin – based

on allegations that certain statements on the Makena website and in AMAG's patient education

2

brochure misrepresent the drug's effectiveness at preventing preterm birth.  Specifically, each challenges the following marketing statements regarding Makena:

    a.  "Makena helps you get closer to term."

    b.  "Makena . . . is a hormone medicine (progestin) prescribed to lower the risk of having another preterm baby in women who are pregnant with one baby, and who've unexpectedly delivered one baby too early (before 37 weeks) in the past."

    c.  "Makena gives moms an extra layer of support."

    d.  "[R]ecieving the weekly injections of Makena is giving me the peace of mind knowing that I'm doing everything I can to help prolong this pregnancy."

    e.  [L]ooking back, Makena gave me hope that I had a better chance of delivering Olivia full term."

    f.  Makena … helps give bab[ies] more time to develop."

(*Id.* at ¶¶ 87-88).  These are the very same marketing statements that underlie the claims in *O'Hara*.  (*See O'Hara*, Dkt. No. 1-1 at ¶¶ 1345-37).

AMAG moved to dismiss the consolidated class action complaint on June 8, 2020, for failure to state a claim.  (ECF No. 25).  AMAG explained, among other things, that Plaintiffs' claims were preempted by federal law because the marketing statements challenged by the plaintiffs were consistent with Makena's FDA-approved indication and label.  (ECF No. 25-1). On May 25, 2021, the Court dismissed all of Plaintiffs' claims, holding that certain claims were preempted by federal law while others were inadequately pled, but allowed Plaintiffs leave to amend.  (ECF Nos. 62, 63).

On June 24, 2021, Plaintiffs amended their complaint.  (ECF No. 66).  The second amended compliant retained Plaintiffs' core allegations while adding a handful of new factual

allegations in an effort to escape the court's preemption ruling. *See Id.* Plaintiffs also added a claim alleging violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), arguing that AMAG "utilized mail (and other) marketing to falsely represent to consumers that Makena reduces the risk of pre-term birth." (*See Id.* at ¶¶ 256-77).

AMAG filed a second motion to dismiss addressing the amended complaint on August 23, 2021. (ECF No. 79). AMAG explained at length why Plaintiffs' new allegations do not save their pre-March 2019 claims from preemption. (*Id.* at 20-31). And, although the Court had previously declined to dismiss Plaintiffs' post-March 2019 claims on preemption grounds, AMAG pointed to new "clear evidence" from FDA correspondence issued after the court's decision that made crystal clear that it would not have accepted the CBE label change Plaintiffs claim was required under State law. (*Id.* at 32-35). Finally, AMAG also re-raised several arguments for dismissal from its prior motion that the Court did not need to reach in its first opinion. (*Id.* at 36-75). On October 1, 2021, Magistrate Judge Clark stayed discovery in this action pending the Court's resolution of AMAG's motion to dismiss. (ECF No. 85).

On December 27, 2022, Molly O'Hara and Brandy Silas filed their complaint in Massachusetts Superior Court for Suffolk County, captioned *Silas v. AMAG Pharmaceuticals, Inc.*, No. 2284CV02931. Their complaint is nearly identical to Plaintiffs' second amended complaint here. As discussed below, the *O'Hara* complaint relies on the same factual allegations and alleges the same misrepresentations and misconduct, substituting Massachusetts law, plaintiff-specific facts, and class allegations. And, the key arguments raised in AMAG's second motion to dismiss – including federal preemption and failure to state a claim under the applicable pleadings standards of Rules 9(b) and 8(a) of the Federal Rules of Civil Procedures – apply equally to the *O'Hara* claims.

AMAG was served with the *O'Hara* complaint on February 22, 2023, and AMAG timely removed that complaint to the United States District Court for the District of Massachusetts on March 2, 2023. (*O'Hara*, Dkt. No. 1). AMAG then filed a motion to transfer venue to this Court that was granted on October 27, 2023. (*O'Hara*, Dkt. No. 18). Thereafter, on October 31, 2023, the Honorable Allison D. Burroughs in the District of Massachusetts entered an Order of Transfer transferring *O'Hara* to the District of New Jersey. (*O'Hara*, Dkt. No. 19). Following transfer, the parties agreed to seek consolidation with this case and to request a stay of all deadlines, including AMAG's deadline to respond to the *O'Hara* Complaint, until after the Court rules on AMAG's pending motion to dismiss. (ECF No. 105).

## III.   LEGAL ARGUMENT

### A.   Consolidation Is Appropriate Under Fed. R. Civ. P. 42(a).

Federal Rule of Civil Procedure 42(a) gives this Court "'broad powers to consolidate actions involving common questions of law or fact if, in its discretion, such consolidation would facilitate the administration of justice.'" *Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp.*, 149 F.R.D. 65, 80 (D.N.J. 1993) (emphasis omitted) (quoting *Waste Distillation Tech., Inc. v. Pan Am. Res., Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991)). The purpose of consolidation is "to streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues." *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999). Accordingly, "[i]n the absence of an articulated basis to assert confusion or prejudice, consolidation is generally appropriate." *Borough of Edgewater v. Waterside Constr., LLC*, No. CV 14-5060 (JMV), 2017 WL 1758062, at *2-3 (D.N.J. May 3, 2017) (Vazquez, J.) (consolidating for pretrial purposes two actions asserting statutory claims relating to environmental contamination because they involved "common questions of fact and law" and because "consolidation of these matters would promote judicial efficiency") (quotation

omitted); see also *Bucks Cty. Employees Ret. Fund v. Newell Brands, Inc.*, No.

CV1810878JMVJBC, 2018 WL 4629571, at *1 (D.N.J. Sept. 27, 2018) (Vazquez, J.)

(consolidating multiple securities class actions under Rule 42(a)); *City of Warren Gen.*

*Employees' Ret. Sys. v. Celgene Corp.*, No. CV184772JMVJBC, 2018 WL 4629570, at *1

(D.N.J. Sept. 26, 2018) (Vazquez, J.) (same).

      Here, common issues of fact support consolidation.  The factual allegations underlying

the *O'Hara* claims are nearly identical to those in the second amended complaint in this case.

Indeed, the entire "Factual Background and General Allegations" section – which spans 127 of

the *O'Hara* complaint's 164 paragraphs – is taken virtually word-for-word from the second

amended complaint.  (*Compare O'Hara*, Dkt. No. 1 *with* ECF No. 66).[1]  The rest of the *O'Hara*

complaint simply substitutes in plaintiff-specific facts, class allegations, and references to

Massachusetts law.  Those substituted paragraphs track the complaint in this action.  Each of the

seven exhibits to the *O'Hara* complaint were attached to the second amended complaint in this

case.  Importantly, ***all*** of the purported misrepresentations and alleged misconduct that underlie

the *O'Hara* claims are identical to those at issue in this consolidated action.

      The cases also raise common questions of law.  Although the *O'Hara* plaintiffs assert

their state-law claims under Massachusetts law instead of the state consumer protections laws

pled in the second amended complaint in this case, several elements of those statutes overlap,

---

[1]  The only differences between the two complaints in these sections appear to be that the
*O'Hara* plaintiffs deleted a handful of allegations that Plaintiffs here made under seal based on
documents AMAG produced in discovery (ECF No. 66, ¶¶ 67, 95-96, 128, 137-39 (partial), 141-
42 (Ex. A)), and added three paragraphs regarding recent FDA announcements issued after the
second amended complaint was filed. (*O'Hara*, Dkt. No. 1, ¶¶ 123-24, 133).  They are otherwise
identical, right down to the footnotes, and the slight differences are not material – the *O'Hara*
complaint does not identify any purported misrepresentations, omissions or other misconduct
that are not already at issue in this consolidated action.

and common defenses overlap.  And, the *O'Hara* plaintiffs also assert RICO claims that are identical to the ones pled in this case.  Perhaps most importantly, several of AMAG's defenses hinge on common issues of federal law, which are currently the subject of the fully briefed second motion to dismiss here. (ECF Nos. 79, 87, 88).  The key arguments raised in AMAG's second motion to dismiss – including federal preemption, lack of RICO standing/causation, and failure to state a claim under the applicable pleadings standards of Rules 9(b) and 8(a) of the Federal Rules of Civil Procedures – apply equally to the claims in *O'Hara*.

Consolidation will serve the interests of judicial efficiency and reduce unnecessary costs. The Court has already been overseeing these claims for over three years.  In that time, the Court has overseen extensive discovery, resolved discovery disputes between the parties, and ruled on one motion to dismiss on federal preemption grounds, while a second motion to dismiss is fully-briefed and pending.  Given the common questions of fact and law in this consolidated case and *O'Hara*, any ruling on AMAG's second motion to dismiss would impact *O'Hara*.  If the Court determines that the consolidated claims are preempted by federal law, the ruling would apply to the *O'Hara* claims.  Likewise, if the Court determines that Plaintiffs in this case failed to plead elements of their state law or RICO claims, that ruling would also apply to identical pleading in *O'Hara*.  Requiring another court in this District to rehash all of the issues that have already been addressed or currently are being addressed in this case would constitute a waste of judicial resources, and it could result in inconsistent rulings on key issues relevant to the parties' claims and defenses.

If the cases survive AMAG's second motion to dismiss, discovery will involve many of the same documents and witnesses.  AMAG anticipates that the majority of witnesses deposed in this action will be third-party witnesses, because most of the AMAG personnel involved in the

7

key issues relevant to this case are no longer with the company.  (*See, e.g.,* ECF No. 66, ¶¶ 153-54 (noting that key AMAG executives left the Company in 2020)).  If the cases proceed, Plaintiffs in this case and the *O'Hara* plaintiffs likely will seek to depose those former AMAG employees, along with current AMAG corporate representatives and employees who may have knowledge regarding those topics.  There simply is no good reason to inconvenience those witnesses by forcing them to give the same testimony in multiple cases.

"Such duplication of effort and time by the parties would result in a waste of judicial resources (in addressing the same issues in [multiple] separate proceedings) and unnecessary costs to the parties." *Borough of Edgewater*, 2017 WL 1758062, at *3 (citing *Smithkline Beecham Corp.*, No. 00-1393, 2001 WL 1249694, at *5 (E.D. Pa. Sept. 26, 2001) ("[C]onsolidation for pretrial purposes avoids duplication of effort and the delay and expense of separate depositions and motions schedules.")).  Consolidation also will reduce the risk of inconsistent rulings on identical legal and factual issues. *See In re TMI Litig.*, 193 F.3d at 724; *In re Riddell Concussion Reduction Litig.*, 77 F. Supp. 3d 422, 428 (D.N.J. 2015) (discussing prior consolidation of New Jersey, Florida and Illinois consumer protection claims upon the parties' consent); *Durso v. Samsung Elecs. Am., Inc.*, No. 2:12-CV-5352 DMC JAD, 2013 WL 3864006, at *4 (D.N.J. July 24, 2013), *aff'd*, No. 2:12-CV-05352 WJM, 2014 WL 1232332 (D.N.J. Mar. 24, 2014) (consolidating consumer class actions asserting violations of Missouri and Colorado consumer protection laws where defendant did not oppose the consolidation); *cf. Thomas v. Gerber Prod. Co.*, No. CIV.A. 12-1098 JLL, 2012 WL 1606627, at *1 (D.N.J. May 8, 2012) (consolidating, upon the parties' consent, "five distinct consumer protection class action complaints asserting claims related to the marketing of probiotic baby formula and baby food").

8

Consolidation will streamline pre-trial proceedings and avoid unnecessarily expenditure of party and judicial resources and burden to both party and non-party witnesses.

**B.      A Stay of Deadlines in *O'Hara* Will Conserve Party and Judicial Resources.**

In addition to consolidation, and with the consent of counsel for Ms. O'Hara and Ms. Silas, AMAG requests that the Court stay deadlines in *O'Hara* until 30 days after the resolution of AMAG's second motion to dismiss.  Every court is vested with the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).  Courts have the discretionary power to "hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976) (citation omitted).  Courts in this District have granted stays to conserve resources and promote judicial economy, especially when all parties consent to the stay.  *See, e.g., Ripley v. Eon Labs, Inc.*, No. CV 07-0912 JHR-AMD, 2008 WL 11509861 at *1 (D.N.J. Apr. 7, 2008) (finding good cause for a stay, in part, because all parties consented to the stay).

As discussed above, AMAG's second motion to dismiss raises arguments that would be equally dispositive of the *O'Hara* claims, including but not limited to preemption.  Having the benefit of the Court's ruling on those arguments could streamline AMAG's response to the *O'Hara* complaint and allow the parties to avoid unnecessary briefing and duplication of efforts.  A stay also would not result in any prejudice to the *O'Hara* plaintiffs, who have consented to the requested stay.

IV.     **CONCLUSION**

For the above reasons, AMAG respectfully requests that the Court consolidate *O'Hara* with the above-captioned action for all pretrial purposes, and stay all deadlines in *O'Hara* until 30 days after resolution of AMAG's pending motion to dismiss in this case.

Date: December 8, 2023

Respectfully submitted,

By:     *s/ David R. Kott*

David R. Kott, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street, P.O. Box 652
Newark, New Jersey 07101-0652
(973) 639-2056

Lauren S. Colton, Esq. (pro hac vice)
Marc A. Marinaccio, Esq. (pro hac vice)
Hogan Lovells US LLP
100 International Drive, Suite 2000
Baltimore, MD 21202
Tel:    (410) 659-2700
Fax:    (410) 659-2701
lauren.colton@hoganlovells.com
marc.marinaccio@hoganlovells.com

*Counsel for Defendant AMAG*
*Pharmaceuticals, Inc.*