# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RACHEL MAHER, *et al.*, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAG PHARMACEUTICALS, INC.,<br><br>Defendant. | Civil Action No.<br>2:20-CV-00152-JXN-JBC |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFYING A SETTLEMENT CLASS FOR SETTLEMENT PURPOSES, APPROVING THE PARTIES' PROPOSED NOTICE PROGRAM, SETTING A FINAL APPROVAL HEARING DATE, AND GRANTING RELATED RELIEF

WHEREAS, Plaintiffs Rachael Maher, Marina Gomez, Rebecca Torres, Brittany Bonds, Teresa Faughnan, Ebony Odommorris, Molly O'Hara, and Brandy Silas (collectively "Plaintiffs") filed lawsuits against Defendant AMAG Pharmaceuticals, Inc. ("AMAG"), on behalf of themselves and all others similarly situated, alleging that AMAG made misrepresentations and/or omissions in marketing materials and other public statements regarding the prescription drug Makena, a progestin hormone treatment that, from 2011 through April 2023, was approved by the FDA to reduce the risk of preterm birth in certain pregnancies.

WHEREAS, by Orders dated March 19 and 27, 2020, and March 28, 2024 (ECF Nos. 9, 11, 110), each of the Plaintiffs' lawsuits was consolidated in the above-captioned action.

WHEREAS, on or about May 1, 2025, Plaintiffs and AMAG entered into a Class Action Settlement Agreement and Release (the "Settlement Agreement"), a copy of which is attached as **Exhibit 1** to the Joint Declaration of Bruce D. Greenberg, Richard M. Paul III, Laura C. Fellows, and Stuart Talley (the "Joint Decl.") in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement Agreement, filed on May 8, 2025, which sets forth the terms and conditions of the Settlement;

WHEREAS, Plaintiffs have moved the Court for an order preliminarily approving the proposed Settlement pursuant to Federal Rule of Civil Procedure 23 and approving Notice to the Settlement Class as more fully described herein;

WHEREAS, AMAG does not contest certification of the Settlement Class solely for purposes of the Settlement; and

WHEREAS, the Court is familiar with and has reviewed the record and has reviewed the Settlement Agreement and its exhibits, Plaintiffs' Memorandum of Law in Support of their Unopposed Motion for Preliminary Approval, and the supporting Joint Declaration, and exhibits thereto, and the notice Declaration of Michael Lynch and finds good cause for entering the following Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

**Preliminary Certification of the Settlement Class for Settlement Purposes**

2. Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, defined as follows, is preliminarily certified for the purpose of settlement only:

> All natural persons who took, were prescribed, purchased, paid for, or otherwise incurred out-of-pocket costs in connection with treatment with Makena in the United States, from March 8, 2019 through the date of Preliminary Approval (the "Class Period").

3. The Settlement Class excludes:

> (1) Any judge presiding over the Litigation, their staff and their immediate family members; (2) Defendant; (3) any of Defendant's subsidiaries, parents or affiliates, and its and their officers, directors, employees, legal representatives, heirs, successors, or assigns; (4) Class Counsel and counsel for Defendant; and (5) any persons who timely exclude themselves from the Settlement Class in accordance with the procedures set forth in Section VI of the Settlement Agreement.

4. The Court preliminarily finds, for the purpose of settlement only, that the Settlement Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification, including numerosity, commonality, typicality, predominance of common issues, superiority, and that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

5. Plaintiffs Rachael Maher, Marina Gomez, Rebecca Torres, Brittany Bonds, Teresa Faughnan, Ebony Odommorris, Molly O'Hara, and Brandy Silas are hereby appointed as Class Representatives of the Settlement Class.

6. Richard M. Paul III, Laura C. Fellows, Bruce D. Greenberg, and Stuart Talley are hereby appointed as Class Counsel for the Settlement Class.

7. The Settlement Class, if certified in connection with final approval, shall be for settlement purposes only and without prejudice to the parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

**Preliminary Approval of the Settlement**

8. The Court has scrutinized the Settlement Agreement carefully. It preliminarily finds that the Settlement is the product of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through early discovery under Fed. R. Evid. 408, additional discovery under Fed. R. Civ. P. 26, and extensive settlement discussions before Hon. Freda L. Wolfson (Ret. Chief U.S.D.J.). The Court also preliminarily finds that the Settlement is within the range of possible approval because it compares favorably with the expected recovery balanced against the risks of continued litigation, does not grant preferential

treatment to the Named Plaintiffs or Class Counsel, and has no obvious deficiencies.

9. The Court hereby preliminarily approves the Settlement, as memorialized in the Settlement Agreement, as fair, reasonable, and adequate, and in the best interest of the Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

10. The Court hereby stays this Action pending final approval of the Settlement, and enjoins, pending final approval of the Settlement, any actions brought by the named Plaintiffs concerning a Released Claim.

**Manner and Form of Notice**

11. The Court approves the Notice substantially in the form attached as Exhibit B to the Settlement Agreement, the Short Form Notice substantially in the form attached as Exhibit C to the Settlement Agreement and the Claim Forms substantially in the form attached as Exhibit D to the Settlement Agreement. The Notice is reasonably drafted, under the circumstances, to apprise the Settlement Class of the pendency of this litigation; the effects of the proposed Settlement on their rights (including the Released Claims contained therein); Class Counsel's upcoming motion for attorneys' fees, expenses, and service awards; of their right to submit a Claim Form; of their right to exclude themselves; and of their right to

object to any aspect of the proposed Settlement. The date and time of the Final Approval Hearing shall be included in the Notice before it is disseminated.

12. The Court also finds that the proposed Notice Plan, which includes dissemination of Notice via (i) Email (if known) (ii) U.S. mail (if known, for class members for whom email addresses are not available or for whom email notice has been undeliverable), (iii) an internet/social media advertising campaign, (iv) the Settlement Website, and (v) a toll-free telephone number, will provide the best notice practicable under the circumstances. The Notice and Notice Plan provide due, adequate, and sufficient notice to the Settlement Class, and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules.

13. The Court appoints Angeion Group to serve as the Claim Administrator to supervise and administer the Notice Plan, establish and operate a Settlement Website, administer the Claims process, including the determination of valid claims, distribute the Class Benefit to Settlement Class Members according to the criteria set forth in the Settlement Agreement, and perform any other duties of the Claim Administrator provided for in the Settlement Agreement.

14. Class Counsel shall provide the Claim Administrator with the names, e-mail addresses and the mailing addresses of the potential Settlement Class

Members, to the extent such information is available, for the purpose of disseminating the Notice.

15. The Claim Administrator shall provide Notice of the Settlement and Final Approval Hearing to the potential Settlement Class Members as follows:

    a. Within thirty (30) days following the entry of this Order, the Claim Administrator will establish the Settlement Website pursuant to the terms of the Settlement Agreement. The Settlement Website will have a Claim Form submission capability, contain the operative Consolidated Complaint, Preliminary Approval Motion and Order, the Notices substantially in the form of Exhibits B and C to the Settlement Agreement, the Settlement Agreement, Class Counsel's and Plaintiffs' application for attorneys' fees, costs, and service awards (once filed), Plaintiffs' Motion for Final Approval (once filed), answers to a set of frequently asked questions, information on how to object or request exclusion (and the ability to opt out online), and other information regarding the Court approval process as agreed to by the Parties.

    b. Within thirty (30) days following entry of this Order, the Claim Administrator will disseminate an email to each member of the Settlement Class for whom Class Counsel has an email address substantially in the form of Exhibit C to the Settlement Agreement.

c. Within thirty (30) days following entry of this Order, the Claim Administrator will mail a form of notice to each member of the Settlement Class (a) for whom Class Counsel has a valid mailing address but not a valid email address, or (b) for whom the email notice referenced above is returned as undeliverable, substantially in the form of Exhibit C to the Settlement Agreement.

d. Within thirty (30) days following entry of this Order, the Claim Administrator will establish a toll-free telephone number where members of the Settlement Class can request a copy of the Notice, Claim Form, and other case documents.

e. Within thirty (30) days following entry of this Order, the Claim Administrator will implement a media campaign using internet and social media advertising, as described in the Settlement Agreement, the form and substance of which shall be mutually agreed upon between the Parties in advance of the Notice Date. The campaign will continue for at least ninety (90) days and will provide a link to the Settlement Website and contact information for the Claim Administrator.

**The Final Approval Hearing**

16. The Court will hold a Final Approval Hearing on January 12, 2026 at 10:30 am in Courtroom 5D of the United States District Court, District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street,

8

Newark, New Jersey 07101 for the following purposes: (i) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of Settlement Class Members; (ii) to rule upon Class Counsel's application for an award of attorneys' fees and expenses; (iii) to rule upon Class Counsel's application for service awards for the Class Representatives; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

17. The Court may adjourn the Final Approval Hearing or decide to hold the Final Approval Hearing telephonically or via other means without further notice to the Settlement Class, and may approve the proposed Settlement without further notice to the Settlement Class.

18. Class Counsel's application for an award of attorneys' fees and expenses, and Class Counsel's application for service awards, will be decided in an order separate from the order that addresses the fairness, reasonableness, and adequacy of the Settlement.

19. If the Settlement is approved, Settlement Class Members (i.e., those who have not excluded themselves from the Settlement) will be bound by the Release provided for in the Settlement Agreement, and by any judgment or determination of the Court affecting Settlement Class Members. All Settlement Class Members shall be bound by all determinations and judgment in this Action

concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

20. Any Settlement Class Member who intends to object to the Settlement must file with the Court a written statement that includes: (i) a caption or title that identifies it as "Objection to Class Settlement in *Maher v. AMAG Pharmaceuticals, Inc.*, Case No. 2:20-cv-00152-JXN-JBC"; (ii) the objector's name and information sufficient to identify and contact the objector or his or her attorney if represented, and information sufficient to identify (1) the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, (2) the caption of each case in which the objector has made such objection, and (3) attach any orders concerning a ruling on the objector's prior such objections that were issued by the trial and/or appellate courts in each listed case; (iii) information sufficient to establish the objector's standing as a Settlement Class Member; (iv) a clear and concise statement of the objector's objection, as well as any facts and law supporting the objection; (v) the objector's signature; and (vi) the signature of the objector's counsel, if any (an attorney's signature alone shall not be deemed sufficient to satisfy this requirement). Any objector who wishes to speak at the Final Approval Hearing must indicate as such in the written statement of objection, and must identify any attorney who will speak and provide (1) a list of cases in which the objector's

counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years, and (2) a copy of any orders concerning a ruling on counsel's or the firm's prior objections that were issued by the trial and/or appellate courts in each listed case. To be timely, the objection must (a) be electronically filed via the Court's ECF system or delivered to the Clerk of the Court by mail, express mail, or personal delivery, and (b) be filed or received by the Clerk by the Objection deadline, which shall be ninety (90) days after the Notice Date.

21. Any Settlement Class Member who fails to timely file with the Court a written objection in accordance with the terms of the Settlement Agreement and as detailed in the Notice shall waive and forfeit any and all rights they or their counsel may have to object, appear, present witness testimony, and/or submit evidence; shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, by the Settlement Class Member or by counsel; shall be precluded from seeking review of the Settlement Agreement by appeal or other means; and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action.

**Exclusion from the Settlement Class**

22. Members of the Settlement Class who choose to opt out must submit a written request for exclusion either via the Settlement Website or by U.S. mail to

the Claim Administrator, which must be electronically submitted or postmarked no later than ninety (90) days following the Notice Date. The deadline shall be set forth in the Notice and on the Settlement Website.

23. Any member of the Settlement Class who does not submit a request to opt out in accordance with the deadlines and other requirements will be bound by the Settlement absent a court order to the contrary.

24. The Claim Administrator shall also provide a final report to Class Counsel and AMAG, no later than ten (10) days after the deadline for submitting written requests for exclusion, that summarizes the number of opt-out requests received to date, and other pertinent information. Class Counsel shall include the information, as appropriate, with their final approval papers.

**Termination of the Settlement**

25. If the Settlement fails to become effective in accordance with its terms, or if judgment is not entered or is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if either Party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement Agreement, survive termination), and the Parties shall return to their positions without prejudice in any way, as provided for in the Settlement Agreement.

### The Use of this Order

26. As set forth in the Settlement Agreement, the fact and terms of this Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission, or evidence, or be deemed to create any inference against any Party, including, but not limited to: (i) of any acts of wrongdoing or lack of wrongdoing; (ii) of any liability on the part of AMAG to the Class Representatives, the Settlement Class, or anyone else; (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action; (iv) that AMAG agrees that a litigation class is proper in this Action or any other proceeding; (v) of any damages or lack of damages suffered by the Class Representatives, the Settlement Class, or anyone else; or (vi) that any benefits obtained by Settlement Class Members pursuant to the Settlement Agreement or any other amount represents the amount that could or would have been recovered in this Litigation against AMAG if it were not settled at this point in time.

27. The fact and terms of this Order and the Settlement, and all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, including but not limited to, the release of the Released Claims

13

provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement or as a defense to any released claim.

28.    The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

Dated: July 10, 2025

_____
Julien Xavier Neals, U.S.D.J.