# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RACHEL MAHER, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAG PHARMACEUTICALS, INC.,<br><br>Defendant. | Civil Action No.<br>2:20-cv-00152(JXN)(JBC)<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

This matter was opened to the Court by Lite DePalma Greenberg & Afanador, LLC, Paul LLP, and Kershaw Talley Barlow, Co-Lead Counsel for Plaintiffs (collectively, "Class Counsel"), as counsel for Plaintiffs Rachael Maher, Marina Gomez, Rebecca Torres, Brittany Bonds, Teresa Faughnan, Ebony Odommorris, Molly O'Hara, and Brandy Silas (collectively, "Class Representatives"), on a motion unopposed by Defendant, for final approval of the proposed classwide Settlement of this matter against Defendant. All of the parties identified above are collectively

referred to as the "Parties." The Court otherwise adopts and incorporates the definition of all capitalized terms in the Settlement Agreement and those defined terms shall have the same meanings in this Order.

WHEREAS, the Court finds that it has jurisdiction over this action, the Parties, and Settlement Class Members under 28 U.S.C. §1331 and that venue is proper in this District; and

WHEREAS, the Parties have submitted the Settlement Agreement, together with a supporting brief and supporting Joint Declaration of Bruce D. Greenberg, Laura C. Fellows, Richard M. Paul, and Stuart C. Talley, as well as a Declaration of Michael Lynch of Angeion Group, LLC; the Court-appointed Settlement Administrator; and

WHEREAS, the Court finds that the Settlement was entered into at arms' length between experienced counsel after multiple mediation efforts with a retired judge of this Court and extensive negotiations, and that the Settlement is not the product of collusion; and

WHEREAS, the Court granted Plaintiffs' Motion for Preliminary Approval of the Settlement on July 11, 2025 and preliminarily certified the Class for purposes of settlement only; and

WHEREAS, pursuant to the Settlement Agreement and the Court's Preliminary Approval Order, a list of potential Settlement Class Members was

compiled from records maintained from Defendant's patient assistance program. All such identified potential Class Members were thereafter provided, in accordance with the Preliminary Approval Order, with notice and an opportunity to object to the Settlement or exclude themselves from the Clas. Moreover, potential Settlement Class Members were provided notice through a social media campaign; and

WHEREAS, the Court conducted a Final Approval Hearing on January 12, 2026 to determine whether the Settlement is fair, reasonable, and adequate and whether the Court should grant final approval of the Settlement; and

WHEREAS, no objections to the Settlement were filed with the Court and no Settlement Class Members appeared at the Final Approval Hearing to contest the Settlement; and

WHEREAS, the Court has fully considered the papers submitted, the record of these proceedings, the oral arguments of counsel, and the requirements of the law, and good cause appearing

IT IS on this ___ day of <u>January</u>, 2026 **ORDERED**, **DECREED**, and **ADJUDGED** as follows:

1. **<u>Final Class Certification</u>**. The Court finally certifies, for settlement purposes only, the following Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> All natural persons who took, were prescribed, purchased, paid for, or otherwise incurred out-of-pocket costs in connection with treatment with Makena in the United States, from March 8, 2019 through the date of Preliminary

3

Approval (the "Class Period").

Excluded from the Settlement Class are (1) Any judge presiding over the Litigation, their staff and their immediate family members; (2) Defendant; (3) any of Defendant's subsidiaries, parents or affiliates, and its and their officers, directors, employees, legal representatives, heirs, successors, or assigns; (4) Class Counsel and counsel for Defendant; and (5) any persons who timely excluded themselves from the Settlement Class in accordance with the procedures set forth in Section VI of the Settlement Agreement, as fully shown in Exhibit A hereto.

The Court finds that the Settlement Class meets all of the applicable requirements of Fed. R. Civ. P. 23 and affirms the certification of the Settlement Class. Specifically, the Court finds and concludes that (a) pursuant to Fed. R. Civ. P. 23(a)(1), Settlement Class Members are so numerous as to make joinder of all members impracticable; (b) pursuant to Fed. R. Civ. P. 23(a)(2), there are questions of law and fact common to members of the Settlement Class; (c) pursuant to Fed. R. Civ. P. 23(a)(3), the claims of Plaintiffs are typical of the claims of the Settlement Class Members whom Plaintiffs seek to represent; (d) pursuant to Fed. R. Civ. P. 23(a)(4), Plaintiffs and Class Counsel will fairly and adequately protect the interests of all Settlement Class Members and the interests of Plaintiffs are not antagonistic to those of the Settlement Class; (e) pursuant to Fed. R. Civ. P. 23(b)(3), questions of fact and law common to the Settlement Class Members predominate over any

questions affecting only individual Settlement Class Members; and (f) pursuant to Fed. R. Civ. P. 23(b)(3), a class action is superior to other available methods for the fair and efficient adjudication of this matter.

**2. Approval of Class Representatives**. Based on the Court's familiarity with the claims and Parties, the Court finds that Plaintiffs have adequately represented and continue to represent the interests of the Settlement Class, and the Court hereby confirms their appointment as Class Representatives.

**3. Approval of Class Counsel**. Pursuant to Fed. R. Civ. P. 23(g), the Court finds that Class Counsel have fairly and adequately represented and continue to represent the interests of Plaintiffs and the Settlement Class, and the Court hereby confirms them as Settlement Class Counsel.

**4. Approval of Settlement Agreement and Benefits to the Class**. Upon review of the Settlement Agreement and consideration of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), and *In re Prudential Ins. Co. of America Sales Practices Litig.*, 148 F.3d 283 (3d Cir. 1998), the Court finds that the Settlement Agreement and proposed benefits to the Settlement Class are fair, reasonable, and adequate. Accordingly, the terms of the Settlement Agreement, including all exhibits thereto, are approved in their entirety, are incorporated into this Order as if expressly set forth, and shall have the same force and effect as an Order of this Court. The Parties and their counsel shall implement and consummate

the Settlement Agreement according to its terms, and the Settlement Administrator shall continue to administer the Settlement Agreement according to its terms.

5. **Adequacy of Notices**. The Court finds that due and adequate notice was provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all potential Settlement Class Members, notifying the potential Settlement Class Members of, *inter alia*, the pendency of this action and the proposed Settlement Agreement. The notice program set forth in the Settlement Agreement and provided to the Settlement Class was the best notice practicable under the circumstances. The notice program as carried out pursuant to the terms of the Settlement Agreement fully complied in all respects with the requirements of Rule 23 and Constitutional requirements of due process.

6. **CAFA Public Official Notification**. The Court finds that notification has been provided to all appropriate federal and state officials regarding the Settlement Agreement as required by the Class Action Fairness Act, 28 U.S.C. §1715.

7. **Opt-Out Settlement Class Members**. There are 30 potential Settlement Class Members who timely and validly requested to be excluded from the Settlement Class and accordingly are not included in or bound by this Final Approval Order and Judgment. The Settlement Class Members who have filed a Request for Exclusion are not entitled to receive any direct benefits, as described in the Settlement Agreement.

**8. <u>Objections</u>**. The Court finds that the response of Settlement Class Members supports final approval of the Settlement Agreement and that no Settlement Class Members have objected to the Settlement.

**9. <u>Binding</u>**. The terms of this Final Approval Order and Judgment and the Settlement Agreement are binding on Plaintiffs and all members of the Settlement Class who have not timely and validly opted-out and shall have *res judicata*, collateral estoppel, and all other preclusive effect on any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damage, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which are based on or in any way related to any and all claims for relief, causes of actions, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interests, or expenses which were or could have been asserted in the Action or any other claims under state or federal law, which arise from, are based on, or in any way are related to the subject of this case, provided, however, that claims for personal and/or bodily injury are in no way precluded.

**10. <u>Dismissal With Prejudice</u>**. This matter, including any and all claims against Defendant, is dismissed on the merits and with prejudice.

**11. <u>Release of Dismissed Claims</u>**. The Release set forth in Section VIII of the Settlement Agreement is incorporated by reference and provides, *inter alia*, that for

7

and in consideration of the benefits and mutual promises contained in the Settlement Agreement, the Releasing Parties release the Released Parties of all Released Claims as fully defined in Section VIII of the Settlement Agreement, provided, however, that the Released Claims exclude claims for personal and/or bodily injury.

12. **Bar Order**. Upon the Effective Date, Plaintiffs and Settlement Class Members, except for those who have timely excluded themselves from the Settlement Class, are forever barred and enjoined from commencing, instituting or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not) asserting any of the Released Claims (including unknown claims) against any of the Released Parties.

13. **Continuing Jurisdiction**. Without affecting the finality of this Final Approval Order and Judgment, the Court shall retain continuing exclusive jurisdiction over this matter, the Parties and the Settlement Class, and the administration and enforcement of the Settlement Agreement. Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement Agreement shall be presented by motion to this Court.

14. **Contingency**. In the event the Settlement Agreement does not become effective according to the terms of the Settlement Agreement, this Final Approval Order and Judgment shall be rendered void as provided by the Settlement

Agreement, shall be vacated and all orders entered and claims released in connection herewith shall be void to the extent provided by and in accordance with the Settlement Agreement.

15. **No Admission**. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed as or be deemed to be evidence of, or an admission or concession by Defendant as to the validity of any claim that has been or could have been asserted against it or as to any liability of Defendant as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the Settlement Agreement.

**There being no just reason for delay. the Clerk of Court is ordered to immediately enter this Final Approval Order and Judgment forthwith.**[1]

Dated: 1/12/2026

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge

---

[1] An accompanying opinion shall issue in due course.